■ In the Matter of DAVID DOO et al., Appellants, et al., Petitioners, v BOARD OF MANAGERS OF PARK REGENT CONDOMINIUM et al., Respondents. [871 NYS2d 640]—

In a hybrid proceeding pursuant to CPLR article 78 to set aside the result of an annual election of the board of managers of a condominium held on October 4, 2006, and action for a judgment, inter alia, declaring that the election was not properly conducted pursuant to the condominium's bylaws, the petitioners-plaintiffs David Doo, Donald Mai, and Man Ki Yeung appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Nelson, J.), dated August 17, 2007, which granted the motion of Board of Managers of Park Regent Condominium, Steven Goldin, Norman Buchbinder, Teresa Young, Sie En Yu, Jack Shen, Samuel Chang, Jane Yeh, Wen Ruh Chen, Fen Fang Sung, and Peter Koo for summary judgment on the complaint, denied the petition, dismissed the proceeding, and declared, inter alia, that the election was properly conducted pursuant to the condominium's bylaws.

Ordered that the order and judgment is affirmed, with costs.

The Park Regent Condominium (hereinafter PRC) is a condominium complex containing residential, commercial, and professional units. At an annual meeting of the unit owners of PRC held on October 4, 2006, the unit owners elected a new board of managers. The petitioners-plaintiffs David Doo, Donald Mai, and Man Ki Yeung (hereinafter the appellants), along with sev-

eral others, commenced this hybrid proceeding pursuant to CPLR article 78 to set aside the result of the election and action for a judgment declaring, inter alia, that the election was not properly conducted pursuant to PRC's bylaws, contending, among other things, that PRC's board of managers (hereinafter the board), improperly interpreted the voting rights of the commercial and professional condominium owners. The appellants contended that if those voting rights were properly interpreted, they would have been elected to the board.

Contrary to the appellants' contention, PRC's bylaws do not prevent the professional and commercial unit owners from voting their shares for the six positions on the board that are not designated by the sponsor or by the commercial and professional unit owners (see Mishkin v 155 Condominium, 2 Misc 3d 1001[A], 2004 NY Slip Op 50066[U] [2004]). Since the appellants failed to establish any other ground to set aside the election results, the Supreme Court properly denied the petition, dismissed the proceeding, and declared, inter alia, that the election was properly conducted pursuant to PRC's bylaws. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.